# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------

SLOBODAN KARIC, CLARIBEL GARCIA, STEVEN
JONES, GORAN STANIC, LJUBOMIR ZIVANOVIC,
DANIEL COLON, and WILLIAM CHATMAN, on
behalf of themselves and all others similarly situated,

                                           **Plaintiffs,**

    **-against-**

THE MAJOR AUTOMOTIVE COMPANIES, INC.,
MAJOR UNIVERSE, INC., MAJOR UNIVERSE, INC.
d/b/a MAJOR WORLD FORD LINCOLN MERCURY,
MAJOR CHEVROLET GEO, MAJOR CHEVROLET,
INC., MAJOR CHRYSLER JEEP DODGE, INC.,
MAJOR MOTORS OF LONG ISLAND CITY, INC.
d/b/a MAJOR KIA, MAJOR MOTORS OF THE FIVE
TOWNS, INC., MAJOR AUTOMOTIVE REALTY
CORP., HAROLD BENDELL, BRUCE BENDELL, and
CHRIS ORSARIS, individually,

                                      **Defendants.**

**No. 09 Civ. 5708 (ENV)(CLP)**

------------------------------------------------------------------------

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Joint Stipulation of Settlement and Release (the "Agreement") is entered into by and between Plaintiffs (hereinafter defined) and the class of individuals that they seek to represent (hereinafter defined) and Defendants (hereinafter defined).

## RECITALS

WHEREAS, Plaintiffs in the captioned action commenced this putative collective and class action under the Fair Labor Standards Act and New York Labor Law on December 30, 2009 and sought recovery of, among other things, unpaid minimum wages, unpaid overtime compensation, commission damages, unlawful deductions, spread-of-hours, liquidated damages, and attorneys' fees and costs;

WHEREAS, Defendants, as defined herein, collectively and individually, denied and continue to deny all of the allegations made by Plaintiffs in the Litigation (as hereinafter defined) and have denied and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation.  Nonetheless, without admitting or conceding any liability or damages

whatsoever, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation;

WHEREAS, Defendants have agreed to pay the Settlement Payment ( hereinafter defined) to settle the claims alleged in the Complaint;

WHEREAS, Class Counsel (as hereinafter defined) has conducted extensive investigation including, but not limited to, interviewing and obtaining declarations from Plaintiffs, defending and taking numerous depositions, reviewing hundreds of thousands of documents produced by Defendants, participating in party and non-party discovery, and analyzing time, payroll, deal folders, commission recap sheets, tax documents and other financial records;

WHEREAS, the Parties participated in two mediation sessions of this matter on August 5, 2014 and November 24, 2014 conducted by Martin F. Scheinman, Esq.;

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims made against Defendants in the Litigation, and the impact of this Agreement on Plaintiffs and the Class ( hereinafter defined); and

WHEREAS, based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation with respect to certain claims, including the possibility that the Litigation, if not settled now, might result in a recovery that is less favorable to the Class, and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Class.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1.      **DEFINITIONS**

The defined terms set forth herein shall have the meanings ascribed to them below.

1.1     *Auditor.* "Auditor" shall mean the entity and/or individual selected by Class Counsel, who verified the  number of cars sold by Plaintiffs and each Class Member.

1.2     *Agreement.*  "Agreement" shall mean this Joint Stipulation of Settlement and Release Agreement.

1.3     *Claim Bar Date.*  "Claim Bar Date" shall mean the last date for a Class Member to perform one of the following acts as further defined in this Agreement: (i) file a Claim Form; (ii) opt-out of the Litigation, or; (iii) file a timely objection to the proposed settlement, which shall be 60 calendar days after the Claims

2

Administrator mails the Notice pursuant to Section 2.5(b).

1.4     *Claim Form.*   "Claim Form" shall mean the form, a copy of which is attached to the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, that the Class Members must sign and return post-marked by the Claim Bar Date in the form attached hereto as Exhibit 1.   The Claim Form must be timely filed with the Claims Administrator for a Class Member to be eligible to receive her Individual Settlement Allocation, as defined herein.

1.5     *Claims Administrator.*   "Claims Administrator" shall mean the entity selected to provide notice to the Class and administer payment of the settlement to Class Members.   Plaintiffs shall select the Claims Administrator. The Claims Administrator is *Angeion Group.*.

1.6     *Class; Class Members.*   The "Class" shall mean the 89 individuals that have previously opted-into the litigation and covers only the period of time these individuals were employed as Sales Representatives. The names of the proposed class members appear on the class list attached hereto as Exhibit B.   A member of the Class is a "Class Member."

1.7     *Class Counsel.*   "Class Counsel" shall mean Fitapelli & Schaffer, LLP.   For purposes of providing any notices required under this Agreement, Class Counsel shall refer to Joseph A. Fitapelli, Fitapelli & Schaffer, LLP, 475 Park Avenue South, 12th Floor, New York, New York 10002.

1.8     *Class Claimant.*   "Class Claimant" shall mean a Class Member who files a Claim Form and Release, post-marked on or before the Claim Bar Date, electing to participate in the settlement of this Litigation.

1.9     *Court.*   "Court" shall mean the United States District Court for the Eastern District of New York, the Honorable Eric Nicholas Vitaliano, U.S.D.J. presiding.

1.10    *Covered Period.*   "Covered Period" shall mean the period from December 30, 2003 through November 24, 2014.

1.11    *Defendants.*   "Defendants" shall mean The Major Automotive Companies, Inc., Major Universe, Inc., Major Universe, Inc. D/B/A Major World Ford Lincoln Mercury, Major Chevrolet Geo, Major Chevrolet, Inc., Major Chrysler Jeep Dodge, Inc., Major Motors Of Long Island City, Inc. D/B/A Major Kia, Major Motors Of The Five Towns, Inc., Major Automotive Realty Corp., Harold Bendell, Bruce Bendell, and Chris Orsaris.

1.12    *Defendants' Counsel.* "Defendants' Counsel" shall mean Squitieri & Fearon, LLP and Harfenist Kraut & Perlstein.   For purposes of providing any notices required under this Agreement, Defendants' Counsel shall refer to Steven Harfenist..

1.13    *Effective; Effective Date.*   "Effective" shall mean the occurrence of all of the following, and "Effective Date" shall be the date that all of the following have

3

occurred:

(A)     the Court has entered Judgment and ruled on the motions for awards of service payments to Plaintiffs pursuant to Section 3.3 and for attorneys' fees and reasonable costs pursuant to Section 3.2; and

(B)     the Judgment and the rulings on such motions have become Final.   "Final" means the later of:

(1)     30 days after the Court enters Judgment if no reconsideration or rehearing is sought;

(2)     If rehearing or reconsideration is sought, after any and all avenues of rehearing or reconsideration have been exhausted and no further rehearing or reconsideration is permitted, and the time for seeking such review has expired, and the Judgment and rulings on service awards and attorneys' fees and reasonable costs have not been modified, amended or reversed in any way;

1.13   *Fairness Hearing.*   "Fairness Hearing" shall mean the hearing on the Motion for Judgment and Final Approval.

1.14   *Fee Award*.   "Fee Award" shall mean the court-approved attorneys' fees and costs as described in Section 3.2.

1.15   *Litigation.*   "Litigation" shall mean *Karic v. The Major Automotive Companies, Inc. et. al.* No. 09 Civ. 5708 (ENV)(CLP), pending in the United States District Court for the Eastern District of New York.

1.16   *Major Automotive.* "Major Automotive" shall refer to new and used car dealerships operated by Defendants in which Class Members were employed.

*1.17*   *Net Settlement Fund.*   "Net Settlement Fund" shall mean the remainder of the Settlement Payment after payment of the Fee Award as described in Section 3.2 (including the auditor's expense), court-approved service payments to Plaintiffs as described in Section 3.3, payroll taxes, , the claims administrator fees and any costs and/or expenses arising out of or related to the Litigation.

1.18   *Order Granting Final Approval or Final Order and Judgment.*   "Order Granting Final Approval" or "Final Order and Judgment" shall mean the final Order entered by the Court after the Fairness Hearing.

1.19   *Order Granting Preliminary Approval.*   "Order Granting Preliminary Approval" shall mean the Order entered by the Court preliminarily approving, *inter alia*, the terms and conditions of this Agreement, the manner and timing of providing notice to the Class, and the time period for opt-outs and objections.

1.20 *Parties.* "Parties" shall mean Plaintiffs, the Class, and Defendants.

1.21 *Plaintiffs.* "Plaintiffs" shall refer to the Named Plaintiffs in this Litigation, Slobodan Karic, Claribel Garcia, Steven Jones, Goran Stanic, Ljubomir Zivanovic, Daniel Colon, William Chatman, or any and all representatives, heirs, administrators, executors, beneficiaries, agents, and assigns of such individuals, as applicable and without limitation.

1.22 *Settlement Fund Account.* "Settlement Fund Account" shall mean the FDIC insured account created and controlled by the Claims Administrator.   To the extent that an interest-bearing vehicle that is also FDIC insured is available, the Claims Administrator shall use such vehicle.

1.23 *Settlement Fund.*   A "Settlement Fund" not to exceed Five Million Five Hundred Thousand Dollars ($5,500,000) shall be the maximum aggregate to be paid by the Defendants, which shall include only payments to Class Members who file a timely claim as provided for in this Agreement, the Fee Award, the Service Payments, the claims administrator fees, , payroll taxes, costs and disbursements, and any other damages, costs or expenses arising out of or related to the Litigation but excludes Defendants' offer of judgment for Fair Labor Standards Act claims.

1.24 *FLSA Settlement Payment.* "FLSA Settlement Payment" shall mean the Rule 68 Offers of Judgment made to each Plaintiff and Class Member by Defendants on February 5, 2014, in the total amount of $423,569.92.

2.     **APPROVAL AND CLASS NOTICE**

2.1 *Retention of Claims Administrator.*   The Claims Administrator shall be responsible for the claims administration process and distributions to Class Members as provided herein.   Class Counsel shall choose the Claims Administrator.   The Parties agree to cooperate with the Claims Administrator and assist it in any way possible in administering the Settlement.   Defendants' Counsel and Class Counsel have the right to make inquiries and receive any information from the Claims Administrator related to the claims administration process.

2.2 *Preliminary Approval by the Court.*   Within 10 days of the date on which this Agreement is fully executed, Plaintiffs will submit to the Court a Motion for an Order Conditionally Certifying the Settlement Class including Plaintiffs and a Rule 23 Class covering the state law claims and Preliminarily Approving the Class Action Settlement ("Preliminary Approval Motion").   In connection with the Preliminary Approval Motion, Plaintiffs will submit to the Court, among other things, (a) a proposed Notice of Settlement of the Class Action Lawsuit and Fairness Hearing, and (b) a proposed Order Granting Preliminary Approval, which shall include the findings required by Federal Rule of Civil Procedure 23(a) and (b)(3).   The Preliminary Approval Motion will seek the setting of dates for

opt-outs, objections, and a Fairness Hearing. Defendants will not oppose the Preliminary Approval Motion, provided that it complies with the terms of the Agreement.

2.3   *Denial of Preliminary Approval.* If the Court denies the Motion for Preliminary Approval, the Parties jointly agree to meet and confer to discuss whether it is feasible to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement. Should a motion for reconsideration and/or the Parties' attempt to secure Court approval of a renegotiated settlement be denied, the case will proceed as if no settlement had been attempted. The Plaintiffs shall retain the right to seek class certification. In such a case, the Parties will negotiate and submit for Court approval a revised case management schedule.

2.4   *Final Order and Judgment from the Court.* Plaintiffs will seek to obtain from the Court, as a condition of settlement, a Final Order and Judgment. The Proposed Final Order and Judgment will, among other things, (a) certify the Class for purposes of settlement, (b) enter Judgment in accordance with this Agreement, (c) approve the settlement as fair, adequate, reasonable, and binding on all Class Members who have not timely opted out pursuant to Section 2.7, (d) dismiss the Litigation with prejudice, (e) enter an order permanently enjoining all Class Members who do not opt out from pursuing and/or seeking to reopen claims that have been released by this Agreement, and (f) incorporate the terms of this Settlement and Release. Defendants will not oppose the application for the Final Order and Judgment that complies with the terms of this Agreement.

2.5   *Class Notice.*

(A)   Within 10 calendar days of the date of the Order Granting Preliminary Approval, Defendants will provide the Claims Administrator and Class Counsel with a list, in electronic form, of the names, the number of cars sold by Class Members,[1] last known addresses, social security numbers and, to the extent Defendants have them, telephone numbers for the Class Members. This data, and any other data provided by Defendants to the Claims Administrator and/or Class Counsel pursuant to this Agreement, shall be presumed to be accurate, subject to the provisions of paragraph 2.5(C) and 3.4(C), and shall be held in strict confidence to be used solely for the purposes of this Settlement and Release and shall not be disclosed to anyone outside of the Claims Administrator and attorneys for the parties in this Litigation. Class Counsel shall provide the Claims Administrator with any updated or different addresses and phone numbers they obtain from Class Members prior to the Claim Bar Date, subject to Section 2.5(D) below.

(B)   Within 20 calendar days after receiving the information described in Section 2.5(A), the Claims Administrator shall mail, via First Class United

States mail, postage prepaid, the Court-Approved Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing to all Class Members and Claim Form (together, "the Notice, attached as Exhibit "A"") using each individual's last known address as recorded in Defendants' records updated by Class Counsel.

(C)     In the event a Notice is returned undeliverable, the Claims Administrator shall take all reasonable steps, including a social security number search, to obtain the correct addresses of Class Members, and shall attempt one re-mailing to each updated address, and if such re-mailing is returned undeliverable, and a new address is obtained, a second re-mailing shall be attempted.   There shall be no further mailings of the Notice unless a new address is furnished prior to the Claim Bar Date by a Class Member.   The Claims Administrator shall also send two reminder postcards to all Class Members who have not made a claim, opted-out or objected to the settlement.   The first reminder postcard shall be sent fifteen (15) days after the date that the Claims Administrator mails the initial Notice, pursuant to Paragraph 2.5(B).   The second reminder postcard shall be sent thirty (30) days after the date that the Claims Administrator mails the initial Notice, pursuant to Paragraph 2.5(B).   All reminder postcards shall read "A class action settlement against Major Automotive may affect your rights. call [Claims Administrator phone number] for info."   Other than the provisions set forth in this section, the Claims Administrator shall not call or email Class Members unless the Class Member first contacts the Claims Administrator by phone or email in which case the Claims Administrator may communicate in kind with the Class Member.   Under no circumstances will the Claims Administrator encourage or discourage a Class Member's participation in the Settlement or the filing of a Claim Form and Release.

(D)     The Parties agree that the proposed Class Notice constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice of the pendency of the Litigation, the proposed settlement, and the Fairness Hearing to all persons entitled to notice, in full compliance with due process under the United States Constitution.

2.6     *Class Member Opt-Out.*

(A)     Any Class Member may request exclusion from the settlement of this Litigation by "opting out."   Class Members who choose to do so must mail a written, signed statement to the Claims Administrator that he or she is opting out of the Litigation ("Opt-Out Statement").   The Opt-Out Statement must contain the name, address, and telephone number of the Class Member to be valid.   It must also contain words that clearly describe her intention to opt-out, such as: "I elect to exclude myself from the settlement in the Major World Litigation" in order to be valid.   To be effective, such Opt-Out Statements and enclosures must also be sent via

First Class United States Mail and postmarked by the Claim Bar Date, which will be specified on the Notice.  The Claim Bar Date will be 60 calendar days after the Claims Administrator mails the Notice.

(B)     The Claims Administrator shall stamp the postmark date on the original of each Opt-Out Statement that it receives and shall serve copies of each Statement on Class Counsel and Defendants' Counsel not later than 3 calendar days after receipt thereof.  The Claims Administrator also shall, within 3 calendar days of the end of the Opt-Out Period, file with the Clerk of Court stamped copies of any Opt-Out Statements.   The Claims Administrator shall, within 2 business days of the end of the Opt-Out Period, send a final list of all Opt-Out Statements to Class Counsel and Defendants' Counsel.  The Claims Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Agreement.

(C)     In the event that more than 20% of the Class Members file valid Opt-Out Statements by the deadlines set herein, Defendants shall have a period of 10 business days after receipt of the final list of all Opt-Out Statements from the Claims Administrator in which to revoke this Agreement, in which case it shall be void, final approval shall not be sought or granted, and the provisions of Sections 2.11(a) and (b) shall apply.   Defendants must notify Class Counsel, the Claims Administrator, and the Court in writing in order to revoke this Agreement.   Any expenses incurred by the Claims Administrator prior to or in connection with this revocation shall be borne by the Defendants if they should revoke this Agreement in accordance with the conditions of this Paragraph.   In the event that Defendants revoke this Agreement pursuant to this Section, Defendants shall, within 10 business days following such revocation, reimburse Class Counsel for all fees paid by Class Counsel to Martin F. Scheinman, Esq.

2.7     *Class Member Claims.*

(A)     A Class Member who submits a timely and properly and fully completed Claim Form and Release, post-marked by the Claim Bar Date, will be deemed eligible to receive an Individual Settlement Allocation hereunder. To be valid, the Claim Form and Release must be signed by the Class Member and include all information requested from the Class Member in the Claim Form.  If a timely Claim Form does not contain all requested information, the Claims Administrator shall contact the Class Member and give the Class Member an opportunity to cure. Payments will be made by check issued by the Claims Administrator.  The Claim Form shall request the Class Member's name, mailing address, and signature.

(B)     Neither Defendants, their attorneys or agents, nor the Claims Administrator

shall encourage or discourage any Class Member from filing the Claim Form and Release in any manner, and will not have any unsolicited contact with any Class Member, tell any Class Member he or she is no longer permitted to work at Major Automotive, threaten, harass, penalize, or in any other manner discriminate or retaliate against any Class Member for filing the Claim Form and Release or choosing not to do so.   For the avoidance of doubt, this prohibition includes speaking with any Class Member's current or prospective employers about a Class Member's decision to file or not file the Claim Form and Release.   If Defendants or their agents, including their attorneys, receive an inquiry from a Class Member about participation in this settlement, they shall not discuss the issue with the Class Member and shall refer the Class Member to the Claims Administrator by providing the Class Member with the Claims Administrator's telephone number. Neither Defendants, their agents, nor the Claims Administrator shall encourage or discourage Class Members from participating in the settlement in any way.   The Parties and the Claims Administrator shall also not disclose to any third party the name of any Class Member who files the Claim Form and Release.   To the extent that the Claims Administrator determines that there is an ambiguity in this Agreement that requires interpretation, the Claims Administrator shall present the ambiguity to all counsel for resolution.   The Claims Administrator shall refer all communications from Class Members seeking legal advice to Class Counsel.

2.8     *Objections to Settlement.*

(A)     Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing stating the grounds for the objection specifically.   Failure to state the specific grounds for an objection renders the objection invalid.   To be valid, an objection, also must be sent to the Claims Administrator via First-Class United States mail, postage prepaid, and be received by the Claims Administrator by the Claim Bar Date, to be specified on the Notice of Proposed Class Action Lawsuit and Fairness Hearing. The written objection must also contain the words, "I object to the settlement in the Major World Litigation."   Failure to include these words renders the objection invalid.     The Claim Bar Date shall be 60 calendar days after the initial mailing of the Notice by the Claims Administrator.   The Claims Administrator shall stamp the date received on the original objection and send copies of each objection to Class Counsel and Defendants' Counsel not later than 3 calendar days after receipt thereof. The Claims Administrator shall also file the date-stamped originals of any and all objections with the Clerk of Court within 3 calendar days after the end of the Opt-Out Period.

(B)     An objector must appear at the Fairness Hearing either in person or through counsel hired by the objector.   An objector who wishes to appear and speak at the Fairness Hearing must state his or her intention to do so in writing at

the time she submits her written objections.  An objector who does not state his or her intention to appear and speak at the Fairness Hearing may not do so.  An objector may withdraw his or her objections at any time. No objector may appear and object at the Fairness Hearing unless she has filed a timely objection that complies with the procedures provided in Section 2.8(A) and (B).   Any Class Member who has submitted an Opt-Out Form may not submit objections to the settlement or speak at the Fairness Hearing.

(C)     The Parties may file with the Court written responses to any filed objections no later than 15 calendar days before the Fairness Hearing.

2.9     Motion for Judgment and Final Approval.   No later than 15 calendar days before the Fairness Hearing, Plaintiffs will submit a Motion for Judgment and Final Approval.   The Fairness Hearing shall be held at the Court's convenience.

2.10    Entry of Judgment.   At the Fairness Hearing, the Parties will request that the Court, among other things, (a) approve the settlement as fair, adequate, reasonable, and binding on all Class Members who have not timely opted out pursuant to Section 2.6, (b) dismiss the Litigation with prejudice, (c) certify the Class for purposes of settlement, (d) enter Judgment in accordance with this Agreement, (e) enter an order permanently enjoining all Class Members who do not opt out from pursuing and/or seeking to reopen claims that have been released by this Agreement, and (f) incorporate the terms of this Agreement.

2.11    Effect of Failure to Grant Final Approval.   In the event the Court fails to enter Judgment in accordance with this Agreement, or such Judgment does not become Final as defined herein, the Parties shall proceed as follows: The Parties jointly agree to (a) seek reconsideration of the decision denying entry of Judgment, or (b) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.   In the event any reconsideration is denied, or a mutually agreed-upon settlement is not approved:

(A)     The Litigation will proceed as if no settlement had been attempted.   In that event, the class certified for purposes of settlement shall be decertified, and Defendants retain the right to contest whether this Litigation should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiffs in this action.

(B)     The Court will provide notice to Class Members that the Agreement did not become final and, as a result, no payments will be made to Class Members under the Agreement.   Such notice shall be mailed by the Claims Administrator via First Class United States Mail, postage prepaid, to the last address used by the Claims Administrator in mailing the Notice.

3.      **SETTLEMENT TERMS**

3.1    *NYLL Settlement Payment.*

(A)    Defendants, jointly and severally, agree to pay a sum not to exceed $5,500,000 which shall resolve and satisfy: (a) court-approved attorneys' fees of $1,833,333.33 and expenses of up to $39,000.00; (b) all gross amounts to be paid to Class Members; (c) court-approved Service Payments to Plaintiffs; (d) payroll taxes; and (e) any other damages, costs or expenses arising out of or related to the Litigation; and (h) claims administrator fees. The $5,500,000 payment by Defendants does not include Defendants' Fed. R. Civ. P. Rule 68 offers of judgment for $423,569.92 made to Plaintiffs and Class Members representing settlement of their FLSA claims.

(B)    Within fifteen (15) calendar days after the date of the Order Granting Final Approval or on November 24, 2015, whichever is later, Defendants shall deposit into the Settlement Fund Account, to be established by the Claims Administrator, a sum equal to all the aggregate of the Class Claimants' allocated shares of the settlement, plus the service payments, plus attorneys' fees as expenses, plus the Claims Administrator's Fee plus payroll taxes. In the event any payment under this section is not made when due, Class Counsel or their authorized agent shall deliver a notice of such default, via overnight mail, addressed to Steven Harfenist.  Any such default may be cured by issuing the appropriate payment then due within five business days of receipt of Class Counsel's notice of default. All deposits made to the Settlement Fund Account (whether timely or after notice of default is issued) shall be made by wire transfer, pursuant to the following instructions (which may be amended by Class Counsel upon written notice to Defendants), as follows:

> The Settlement Fund Title:
> The Settlement Fund Account Number:
> Settlement Fund Address:
> Settlement Fund Bank:
> Settlement Fund Bank Address:
> Settlement Fund ABA:
> SWIFT CODE:

Within 5 business days of the effective date, the Litigation shall be dismissed against Defendants *with prejudice* with respect to claims arising from employment at Major World and *without prejudice* with respect to claims arising from employment or performance of services for any other businesses, establishments or entities, as a part of this settlement.

(C)    Within ten (10) calendar days after the effective date, the Claims Administrator will distribute the money in the Settlement Fund Account by making the following payments:

(1)    Paying Class Counsel Court-approved attorneys' fees and expenses

as described in Section 3.2(A);

(2)     Paying Plaintiffs' service awards;

(3)     Paying Class Claimants their Individual Settlement Allocation as described in Section 3.4.

(4)     Paying the claims' administrator fee and payroll taxes.

3.2     *NYLL Settlement Amounts Payable as Attorneys' Fees and Costs.*

(A)     Plaintiffs may apply for no more than 33.3% of the Settlement Fund plus up to $39,000.00 in expenses (which includes the auditor's expense).

(B)     Defendants will not oppose such application provided it is consistent with this Agreement and specifically Section 3.2(A).   Defendants shall have no additional liability for attorneys' fees and costs except for as provided in Section 3.1(B).

(C)     The substance of Class Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.   The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval.

3.3     *Service Payments to Plaintiffs*.   Prior to the Fairness Hearing, Plaintiffs Slobodan Karic, Claribel Garcia, Steven Jones, Goran Stanic, Ljubomir Zivanovic, Daniel Colon, and William Chatman will apply to the Court to receive twenty thousand dollars ($20,000) each from the Settlement Fund for services rendered to the Class ("Service Payments").   Defendants will not oppose such application.   To the extent granted by the Court, the service payments and the requirements for obtaining such payments are separate and apart from, and in addition to, Plaintiffs' recovery from the Net Settlement Payment.   The substance of the above-referenced Plaintiffs' application for service awards is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the settlement of the Litigation.   The outcome of the Court's ruling on the application for service payments shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval.   Any monies not approved by the Court become part of the Net Settlement Fund.   If a Plaintiff opts-out of the settlement, he or she is not entitled to a service payment.

3.4     *NYLL Distribution to Class Members.*

(A)     A Class Member who submits a timely Claim Form and Release pursuant to Section 2.7(A) will be deemed eligible for a payment hereunder.

(B)     Each Class Member's individual allocation of the Settlement Fund ("Individual Settlement Allocation") is to be allocated for calculation purposes regardless of whether the class member opts-out, does nothing, or submits a timely Claim Form and Release, though such Individual Settlement Allocation is only to be distributed and paid to the Class Member in the event that he or she submits a timely Claim Form and Release.  No part of any unclaimed Individual Settlement Allocation or Service Payments shall be allocated or distributed to any other class member.

(C)     The Settlement Allocation to Class Members will be on a pro-rata basis based upon the number of cars sold by each Class Member during the relevant time period and while employed as a Sales Representative. Defendants will provide Class Counsel with the number of cars sold for each Class Member during the relevant period. To calculate a Class Member's Individual Settlement Allocation:

  (1)     Add all cars sold for each Class Member while employed as a Sales Representative together to obtain the "Total Denominator;"

  (2)     Divide the Total Denominator by the Net Settlement Fund to determine the Class Member's "Individual Settlement Allocation."

(D)     The Claims Administrator shall mail to all Class Claimants who submit a timely Claim Form and Release their Individual Settlement Allocation within 10 days of the Effective Date.  The Claims Administrator shall use reasonable efforts to make an additional mailing to Class Claimants whose checks are returned because of incorrect addresses.  Such efforts shall include using social security numbers to obtain better address information.

(E)     Defendants shall not oppose the formula set forth in Section 3.4(D) above, except to the extent the formula is in any way inconsistent with the terms of this Agreement.

(F)     The Claims Administrator shall calculate the amount to be paid to each Class Member based on this formula, and its determinations regarding the amount to be paid to each Class Member shall be final, binding, and not subject to challenge by the Parties, Class Counsel or Defendants' Counsel, except as expressly provided below. Nothing herein limits Class Members' rights to object to the settlement pursuant to Section 2.5 or to opt-out of the settlement pursuant to Section 2.4.

(G)     The Claims Administrator shall also calculate, withhold, and make payment for the employee's share of the amount of taxes to be withheld from the Wage Payment portion of each Class Member's settlement payment (as defined below).

(H)     All payments to Class Claimants made pursuant to this Agreement shall be

deemed to be paid to such Class Claimants solely in the year in which such payments actually are received by the Class Claimants.

(I)  In the event the Claims Administrator believes this Agreement is vague in any way concerning notice or allocation of payment, the Claims Administrator shall seek clarification from counsel for both parties, who shall confer and jointly direct the Claims Administrator.

3.5  *Taxability of Settlement Payments.*

(A)  Plaintiffs, on behalf of the Class Members, acknowledge and agree that they have not relied upon any advice whatsoever from Defendants or Defendants' Counsel as to any provision of this Agreement, as to the taxability, whether pursuant to federal, state or local income tax statutes or regulations or otherwise of the payments made, actions taken, or consideration transferred hereunder and that each Class Member shall be solely responsible for the reporting and payment of any federal, state and/or local income or employment taxes (including penalties and interest) on the payments described above.

(B)  It is agreed and understood that 50% of the settlement payment issued to each Class Member shall cover that Class Member's claim for wages ("Wage Payment"), and shall be subject to tax withholding and/or reporting as required by federal, state and local law.   The Claims Administrator shall report the Wage Payment portion of the settlement payment to the Internal Revenue Service (and other relevant government agencies) as wage income in the year of payment on a Form W-2 or similar form issued in accordance with the Class Member's W-4 currently on file.

(C)  It is agreed and understood that 50% of the settlement payment issued to each Class Member shall cover that Class Member's claim for liquidated damages, interest, and other non-wage related claims ("Non-Wage Payment"), and shall be made without tax withholdings.  Each Class Member shall receive a Form 1099 in conjunction with their Non-Wage Payment.  Any service payments made pursuant to Section 3.3 shall be deemed a Non-Wage Payment, and Plaintiffs shall be solely responsible for all taxes, interest and penalties due with respect to their own Non-Wage Payments.

(D)  Plaintiffs agree to and hereby do indemnify and hold harmless Defendants from and against any and all tax liabilities, interest and penalties that may be assessed or incurred as a result of not withholding money or issuing or reporting payments made under this Paragraph 3.5(C) including, but not limited to, liability for payroll taxes or deductions, income withholding taxes, including federal, state or local income taxes, social security taxes, federal state or local unemployment or disability premium payments or taxes, or any other taxes which customarily are withheld from or paid with

respect to wages, or any other liens, judgments, interest and/or penalties incurred on the monies paid pursuant to this Agreement or owing to, or for the satisfaction of, any liens or judgments against Plaintiffs (which Plaintiffs affirmatively represent do not exist), except that Plaintiffs shall not be liable for any contributions of FICA assessed against Defendants.

3.6     *NYLL Release.*

(A)     Release of Class Member Claims.

(1)     By operation of the entry of the Final Judgment and Order, each Class Member who does not timely opt-out shall be deemed to have released Defendants from all wage and hour claims arising from their employment at Major Automotive under the New York Labor Law that were, or could have been, brought in the Litigation and interest, liquidated damages, attorneys' fees, and costs with respect to such claims.

(B)     *Release of Fees and Costs for Settled Matters.*   Class Counsel and Plaintiffs, on behalf of the Class and each individual Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants for attorneys' fees or costs associated with Class Counsels' representation of Plaintiffs and the Class. Class Counsel further understand and agree that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of these individuals arising from their employment at Major Automotive. However, a Plaintiff who opts out of the settlement agreement does not release any claims against Defendants.

(C)     *No Assignment*.   Class Counsel and Plaintiffs, on behalf of the Class and each individual Class Member, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

(D)     *Non-Admission of Liability*.   By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and/or the Class, individually or collectively, all such liability being expressly denied.   Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action litigation other than for purposes of settlement.   Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiffs and the Class.   Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may

not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all Complaints filed in the Litigation; (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding; and (c) are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for class certification or administration or collective action treatment other than for purposes of administering this Agreement.  The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

5. *Miscellaneous.*

(A) *Cooperation Between the Parties; Further Acts*.  Each of the Parties, upon the request of any other party, at its own cost and expense, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

(B) *Entire Agreement*.  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.   This Agreement may not be modified in any way without the written consent of the parties hereto.

(C) *Binding Effect*.  This Agreement shall be binding upon the Parties and, with respect to Plaintiffs and the Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

(D) *Arms' Length Transaction; Materiality of Terms*.  The Parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

(E) *Captions*.  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

(F) *Construction*.  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not

be, construed against any party by virtue of draftsmanship.

(G)   *Blue Penciling*.   Following the Effective Date, if any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

(H)   *Governing Law*.   This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

(I)   *Continuing Jurisdiction*.   The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.   The Court shall not have jurisdiction to modify the terms of the Agreement or to increase Defendants' payment obligations hereunder.

(J)   *Waivers, etc. to Be in Writing*.   No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of the parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.   Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

(K)   *When Agreement Becomes Effective; Counterparts*.   This Agreement shall become effective upon its execution.   Any of the Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument.

(L)   *Facsimile/Electronic Signatures*.   Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party.   Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

DATED:   June __, 2015                THE MAJOR AUTOMOTIVE COMPANIES,
                                      INC.

                                      By: _____

                                      Its: _____


DATED:   June __, 2015                MAJOR UNIVERSE, INC.

                                      By: _____

                                      Its: _____


DATED:   June __, 2015                MAJOR WORLD FORD LINCOLN
                                      MERCURY

                                      By: _____

                                      Its: _____
DATED:   June __, 2015                MAJOR CHEVROLET GEO

                                      By: _____

                                      Its: _____
DATED:   June __, 2015                MAJOR CHEVROLET INC.

                                      By: _____

                                      Its: _____
DATED:   June __, 2015                MAJOR CHRYSLER JEEP DODGE, INC.

                                      By: _____

                                      Its: _____


DATED:   June __, 2015                MAJOR MOTORS OF LONG ISLAND CITY,
                                      INC. D/B/A MAJOR KIA

                                      By: _____

                                      Its: _____

DATED: _____, 2015             MAJOR MOTORS OF THE FIVE TOWNS, INC.

                                 By: _____

                                 Its: _____

DATED: _____, 2015             MAJOR AUTOMOTIVE REALTY CORP.
                                 By: _____

                                 Its: _____

DATED: _____, 2015             HAROLD BENDELL

                                 _____

DATED: _____, 2015             BRUCE BENDELL

                                 _____

DATED: _____, 2015             CHRIS OSARIS

                                 _____

DATED: _____, 2015             SLOBODAN KARIC

                                 _____

DATED: 7/28, 2015                CLARIBEL GARCIA

                                 _____

DATED: 7-24-15, 2015             STEVEN JONES

                                 _____

DATED: _____, 2015             GORAN STANIC

                                 _____

20

DATED: _____, 2015    LJUBOMIR ZIVANOVIC

_____

DATED: 7 3 1 , 2015    DANIEL COLON

_____

DATED: _____, 2015    WILLIAM CHATMAN

21

DATED: ~~June~~ Aug 18, 2015

THE MAJOR AUTOMOTIVE COMPANIES, INC.

By: _____

Its: ___Ceo/PRESIDENT___

DATED: ~~June~~ Aug. 17, 2015

MAJOR UNIVERSE, INC.

By: _____

Its: ___PRESIDENT___

DATED: ~~June~~ Aug. 17, 2015

MAJOR WORLD FORD LINCOLN MERCURY

By: _____

Its: ___PRESIDENT___

DATED: ~~June~~ Aug 18, 2015

MAJOR CHEVROLET GEO

By: _____

Its: ___PRESIDENT___

DATED: ~~June~~ Aug 18, 2015

MAJOR CHEVROLET INC.

By: _____

Its: ___PRESIDENT___

DATED: ~~June~~ Aug. 18, 2015

MAJOR CHRYSLER JEEP DODGE, INC.

By: _____

Its: ___PRESIDENT___

DATED: ~~June~~ Aug 18, 2015

MAJOR MOTORS OF LONG ISLAND CITY, INC. D/B/A MAJOR KIA

By: _____

Its: ___PRESIDENT___

19

DATED:  ~~June~~ Aug. 18, 2015

MAJOR MOTORS OF THE FIVE TOWNS, INC.

By: _____

Its: _____

DATED:  ~~June~~ Aug. 18, 2015

MAJOR AUTOMOTIVE REALTY CORP.

By: _____

Its: _____

DATED:  ~~June~~ Aug. 17, 2015

HAROLD BENDELL

_____

DATED:  ~~June~~ Aug. 18, 2015

BRUCE BENDELL

_____

DATED:  June ___, 2015

CHRIS OSARIS

_____

DATED:  June ___, 2015

SLOBODAN KARIC

_____

DATED:  June ___, 2015

CLARIBEL GARCIA

_____

DATED:  June ___, 2015

STEVEN JONES

_____

DATED:  June ___, 2015

GORAN STANIC

_____

20

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------

**SLOBODAN KARIC, CLARIBEL GARCIA, STEVEN**
**JONES, GORAN STANIC, LJUBOMIR ZIVANOVIC,**
**DANIEL COLON, and WILLIAM CHATMAN, on**
behalf of themselves and all others similarly situated,

                                 **Plaintiffs,**

      **-against-**
                                            **No. 09 Civ. 5708 (ENV)(CLP)**

**THE MAJOR AUTOMOTIVE COMPANIES, INC.,**
**MAJOR UNIVERSE, INC., MAJOR UNIVERSE, INC.**    **NOTICE OF PROPOSED CLASS**
**d/b/a MAJOR WORLD FORD LINCOLN MERCURY,**      **ACTION SETTLEMENT**
**MAJOR CHEVROLET GEO, MAJOR CHEVROLET,**
**INC., MAJOR CHRYSLER JEEP DODGE, INC.,**
**MAJOR MOTORS OF LONG ISLAND CITY, INC.**
**d/b/a MAJOR KIA, MAJOR MOTORS OF THE FIVE**
**TOWNS, INC., MAJOR AUTOMOTIVE REALTY**
**CORP., HAROLD BENDELL, BRUCE BENDELL, and**
**CHRIS ORSARIS, individually,**

                               **Defendants.**

-----------------------------------------------------------------------

**TO:**    **[INSERT NAME]**

**DATED: [INSERT DATE]**

                      **PLEASE READ THIS NOTICE CAREFULLY**

     This Notice relates to a proposed settlement of class action litigation. Individuals who formerly worked for the Major Automotive companies ("Major") filed this lawsuit alleging unpaid minimum wages, unpaid overtime compensation, commission damages, unlawful deductions, and unpaid spread-of-hours among other damages against Defendants. Based on the settlement agreed to by the parties, and preliminarily approved by the Court, you are entitled to a settlement award, less applicable federal and state payroll tax withholdings. You should read this Notice carefully and in its entirety as it contains important information as to your right to participate in the settlement, and to make

a claim for payment or elect not to be included in the class.

### Introduction

The Court in charge of this case is the United States District Court for the Eastern District of New York, United States District Judge Eric Nicholas Vitaliano. The lawsuit is known as *Karic v. The Major Automotive Companies, Inc. et. al.* No. 09 Civ. 5708 (ENV)(CLP) (E.D.N.Y). The individuals who filed the lawsuit are called the Plaintiffs. The group of workers they represent in the case, including you, are "Class Members."

Plaintiffs allege in the lawsuit that, among other things, Defendants failed to pay them and the Class Members wages, including minimum wage, overtime for the hours they worked over 40 in a week, improperly calculated commissions from the sale of vehicles, made unlawful deductions from employee wages and failed to pay spread-of-hours in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

Defendants deny Plaintiffs' allegations and contend that Class Members at all times were paid properly, and that Defendants at all times complied with the law.

Plaintiffs and Defendants have agreed to settle the lawsuit subject to the approval of the Court. Defendants have agreed to a settlement fund up to the amount of $5,500,000.00, including attorneys' fees and costs. The amount of the fund actually paid out by Defendants shall be determined by the number of class members who claim settlement funds. Amounts not claimed will be retained by Defendants. The Court has not decided who is right and who is wrong in this lawsuit. Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and fully explained in this Notice.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

**PARTICIPATE**

As described more fully below, to participate in the settlement, you must mail a properly completed Claim Form and Release to the Claims Administrator post-marked by **[60 days from the date of mailing].** If you fail to mail a timely Claim Form and Release post-marked by **[60 days from the date of mailing],** you will not receive any money from the settlement and you will release your claims and not be able to sue Major for these claims in the future.

**EXCLUDE YOURSELF**

If you wish to exclude yourself from the lawsuit, you must follow the directions outlined in response to Section 6 below.

**OBJECT**

You may also object to the settlement by writing the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of

the settlement for claims under New York Law unless you submit a valid and timely Request for Exclusion. You will not be bound by the settlement if you exclude yourself from the lawsuit. To object, you must follow the directions outlined in Section 12 below.

**1.   Why did I receive this notice?**

You received this notice because you worked for Major during the relevant time period and previously opted-into this lawsuit.

**2.   What is a class action?**

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Eric Nicholas Vitaliano, United States District Judge for the Eastern District of New York, is presiding over this class action.

**3.   Why is there a settlement?**

Class Counsel, identified in Section 10 below, analyzed and evaluated the merits of the claims made against Defendants in the Litigation, reviewed documents and statements in connection with the performance of workers, engaged in motion practice, analyzed damages data for Plaintiffs and a significant sample of the putative Class Members and evaluated Defendants' ability to pay a judgment. Based upon their analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiffs and Putative Class Members.

**4.   How are settlement amounts calculated?**

Class Members who submit properly completed claim forms as described in Section 5 below, will receive their share of the Net Settlement Fund, as defined in the Settlement Agreement, according to the allocation formula set forth in the Settlement Agreement and summarized below.

A Class Member's portion of the settlement award ("Individual Settlement Allocation") shall be determined by the Claims Administrator based upon the following formula, after deducting attorneys' fees and expenses, claims administrator's fee, service awards and payroll taxes:

(1) Add together the total the number of cars sold for each Class Member while employed as a Sales Representative during the relevant time period to obtain the "Total Denominator;"

(2) Divide the Total Denominator by the Net Settlement Fund to determine the Class Member's "Individual Settlement Allocation."

The amount of cars sold by each Class Member will be supplied by Major and verified by an independent auditor.

If you submit a properly completed claim form as described in Section 5 below, and if the Court approves the settlement, a settlement check will be issued by the Claims Administrator and will be mailed to you.

50% of your Individual Settlement Allocation award is subject to applicable taxes and withholdings, like any other paycheck and will be reported on a W-2 form. 50% of your Individual Settlement Allocation will not be taxed up front and will be reported on a 1099 form as alleged liquidated damages and interest.   Neither Class Counsel nor Major makes any representations concerning tax consequences of this settlement or participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

Any amounts not claimed by members of the class will be retained by Defendants.

**5.   How Do I Make a Claim?**

To be eligible for a distribution from the settlement fund, you must timely complete and return the enclosed Claim Form and Release according to instructions provided on the form. The Claim Form and Release must be personally filled out by the current or former worker who seeks to participate in the Settlement or someone authorized under the law to act on her behalf.

The Claim Form and Release must be properly completed, signed, and mailed to the Claims Administrator via First Class United States Mail, and post-marked by **[60 days from date of mailing].** If you do not properly complete and timely submit the Claim Form and Release, you will not be eligible to receive any monetary distribution and your claims will be released.

If the Court grants final approval of the Settlement, this action will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge Defendants through November 24, 2014, from all New York Labor Law claims arising from their employment at Major asserted in the Complaint. This means that you cannot sue, continue to sue, or be a party in any other lawsuit against Defendants regarding the New York Labor Law arising from your employment at Major brought in this case. It also means that all of the Court's orders will apply to you and legally bind you.

**6.   How Do I Exclude Myself From the Settlement?**

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case. If you intend to exclude yourself, you must mail a written, signed statement to the Claims Administrator stating "I elect to exclude myself from the settlement in the Major World Litigation" and include your name, your address, and telephone number ("Opt-out Statement"). To be effective, the Opt-out Statement must be mailed to the Claims Administrator via First Class United States Mail, postage prepaid, and postmarked by **[60 days from the date of mailing].**

Major World Claims Administrator
c/o Angeion Group
1801 Market St. # 660
Philadelphia, PA 19103
(p) (215) 563-4116

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in Section 12 below.

### 7.   What am I giving up by staying in the case?

Unless you exclude yourself, you will remain a Class Member. That means you cannot sue, continue to sue or be a party to any other lawsuit against Defendants for any New York State wage and hour claims that were or could have been brought in this lawsuit through the effective date of the settlement.

### 8.   If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this settlement.

### 9.   What happens if I do nothing?

If you do nothing, you will not receive any money from this settlement, and you will be subject to all decisions and rulings from the Court. If the Court approves the settlement, all of your New York Labor Law claims will be relinquished.

### 10.  Do I have a lawyer in this case?

You are represented by Joseph A. Fitapelli, Fitapelli & Schaffer, LLP, 475 Park Avenue South, 12th Floor, New York, New York 10016, (212) 300-0375, info@fslawfirm.com, www.fslawfirm.com. The attorney's are called "Class Counsel." If you have any questions about the settlement or participating in it, you may contact them.

### 11. How will the lawyers be paid and how much are Service Awards to Named Plaintiffs?

You will not be charged separately for Class Counsel. Their fees are being paid from the

Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense. Class Counsel will ask the Court to approve attorneys' fees of 33.3% of the net settlement fund ($1,833,333.33) plus litigation expenses and costs of approximately $39,000. The fees would pay Class Counsel for investigating the facts, litigating the lawsuit, and negotiating and overseeing the settlement.

Named Plaintiffs will apply to the Court for a service award of $20,000 each as recognition for the valuable services they provided to the Class.

The Court will ultimately decide the amount that will be paid to Class Counsel and service awards to named Plaintiffs for their services.

| **12. How do I tell the Court that I do not like the settlement?** |
|---|

You can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under New York Law unless you have submitted a valid and timely request for exclusion. To object, you must send a letter stating "I object to the settlement in the Major World Litigation." Your statement must include all reasons for the objection and any supporting documentation. If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection. You will not be allowed to present reasons for your objection at the fairness hearing that you did not describe in your written objection. Mail the objection to the Claims Administrator via First-Class United States Mail, postage prepaid at the address below. Your objection will not be heard unless it is mailed to the Claim Administrator via First Class United State Mail and postmarked by **[60 days from the date of mailing].**

Major World Claims Administrator
c/o Angeion Group
1801 Market St. # 660
Philadelphia, PA 19103
(p) (215) 563-4116

The Claims Administrator will file your objection statement with the Court. You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

| **13. What is the difference between objecting and excluding?** |
|---|

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

| **14. When and where will the Court decide whether to approve the settlement?** |
|---|

The Court will hold a Fairness Hearing at **[insert time]** on **[insert date]**, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, in Courtroom **[insert courtroom]**. At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

| **15. Are there more details about the settlement?** |
| --- |

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the Settlement Agreement by asking for a copy of the Settlement Agreement by writing to or calling:

Major World Claims Administrator
c/o Angeion Group
1801 Market St. # 660
Philadelphia, PA 19103
(p) (215) 563-4116

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------

SLOBODAN KARIC, CLARIBEL GARCIA, STEVEN
JONES, GORAN STANIC, LJUBOMIR ZIVANOVIC,
DANIEL COLON, and WILLIAM CHATMAN, on
behalf of themselves and all others similarly situated,

|  | |
|---|---|
| **Plaintiffs,** | |
| -against- | **No. 09 Civ. 5708 (ENV)(CLP)** |

THE MAJOR AUTOMOTIVE COMPANIES, INC.,
MAJOR UNIVERSE, INC., MAJOR UNIVERSE, INC.
d/b/a MAJOR WORLD FORD LINCOLN MERCURY,
MAJOR CHEVROLET GEO, MAJOR CHEVROLET,
INC., MAJOR CHRYSLER JEEP DODGE, INC.,
MAJOR MOTORS OF LONG ISLAND CITY, INC.
d/b/a MAJOR KIA, MAJOR MOTORS OF THE FIVE
TOWNS, INC., MAJOR AUTOMOTIVE REALTY
CORP., HAROLD BENDELL, BRUCE BENDELL, and
CHRIS ORSARIS, individually,

**Defendants.**

------------------------------------------------------------------------------

## CLAIM FORM AND RELEASE INSTRUCTIONS

---

**If you choose to join this lawsuit, in order to receive your portion of the settlement funds, which is approximately_____, and described in the Notice of Proposed Settlement ("Notice") you must complete and return this Claim Form and Release to the Claims Administrator postmarked by [60 DAYS FROM DATE OF MAILING].**

Major World Claims Administrator
[Insert Claims Admin]

---

**CHANGE OF ADDRESS**

It is your responsibility to keep a current address on filed with the Claims Administrator. Please make sure to notify the Claims Administrator of any change of address.

## CLAIM FORM AND RELEASE

***THE FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR POSTMARKED BY [60 DAYS FROM DATE OF MAILING]***

I understand that this lawsuit was brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA") and the New York Labor Law ("NYLL"). I hereby consent and agree to join the case of *Slobodan Karic, Claribel Garcia, Steven Jones, Goran Stanic, Ljubomir Zivanovic, Daniel Colon, and William Chatman, on behalf of themselves and all others similarly situated v. The Major Automotive Companies, Inc., Major Universe, Inc., Major Universe, Inc. D/B/A Major World Ford Lincoln Mercury, Major Chevrolet Geo, Major Chevrolet, Inc., Major Chrysler Jeep Dodge, Inc., Major Motors of Long Island City, Inc. d/b/a Major Kia, Major Motors of The Five Towns, Inc., Major Automotive Realty Corp., Harold Bendell, Bruce Bendell, and Chris Orsaris*, Case No. 09 Civ. 5708 (ENV)(CLP). I consent and agree to be bound by any adjudication of this action by the Court. I hereby designate the law firm of Fitapelli & Schaffer, LLP to represent me in this action.

My signature below constitutes a full and complete release and discharge of The Major Automotive Companies, Inc., Major Universe, Inc., Major Universe, Inc. D/B/A Major World Ford Lincoln Mercury, Major Chevrolet Geo, Major Chevrolet, Inc., Major Chrysler Jeep Dodge, Inc., Major Motors of Long Island City, Inc. d/b/a Major Kia, Major Motors of The Five Towns, Inc., Major Automotive Realty Corp., Harold Bendell, Bruce Bendell, and Chris Orsaris, individually, their present and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them ("Defendants") by me and by my respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, from any and all wage and hour claims, demands, rights, liabilities, expenses, and losses of any kind, that I have, had, or might have had against Defendants based on any act or omission that occurred at any time up to and including November 24, 2014 related to any of the facts or claims alleged in this Litigation arising from my employment at Major Automotive, even if presently unknown and/or un-asserted, including but not limited to:  the wage and hour laws and regulations of the state of New York, including the New York Labor Law Articles 6 and 19, and all derivative benefit claims (both ERISA and non-ERISA benefits) interest on such claims, and attorneys' fees, expenses and costs in exchange for a portion of the Net Settlement Fund, less applicable federal and state payroll tax withholdings.

I declare under penalty of perjury that the above information is correct.

_____     _____     _____

Name (print)                                        Signature                                         Date


_____     _____

Mailing Address                                              Last Four Digits of Social Security

# EXHIBIT B

| |
|---|
| Akindayo Oladapo |
| Albert Middleton |
| Alix Pierre Pierre |
| Andrea D. Rossi |
| Bernardo Collado |
| Bruno Campolo |
| Carlos Nieves |
| Cesar Andrade |
| Chris Katechis |
| Claribel Martinez Garcia |
| Coco Latre |
| Cristian Garcia |
| Daniel Colon |
| Daniel Marion |
| Danny Diaz |
| David J. Friedrich |
| Dennis Feliciano |
| Dimitrios Pissanos |
| Dominick Rose |
| Edward Esposti |
| Edward Sosa |
| Efstratios Iakovou |
| Emmanuel Fuentes |
| Ernest Smith |
| Fabio Anselmo |
| Felipe J. Garcia |
| Felix Pena |
| Francisco Quinones |
| Frank Rivas |
| Goran Stanic |
| Hristos (Chris) Papagiannopoulos |
| Ian Abelson |
| Irving Barreiro |
| Jack Dowers |
| Jacob Charest |
| Jaime C. Rios |
| James Herbin |
| Javier Vergara |
| Jose Berrios |

| |
|---|
| Jose Rivera |
| Joseph E. Camilo |
| Joseph Melo |
| Juan Campoverde |
| Julio J. Salcedo |
| Julius Cabutaje |
| Kevin G. Herbert |
| Kevin L. Milan |
| Kevin McDermon |
| Ljubomir Zivanovic |
| Lorna Owens |
| Luis Felix |
| Marcos J. Rojas |
| Maria Kalonarou |
| Mark Kayantas |
| Mathew Newman |
| Melvin Reyes |
| Michael Alade-Smith |
| Michael Belisario |
| Michael Rawson |
| Michael S. Curran |
| Michelle Winburn |
| Modesto Nunez |
| Noe Salas |
| Omar Cordoba |
| Omar Lopez |
| Omar Rodriguez |
| Panayotis (Peter) Kalonaros |
| Rafael Rodriguez |
| Ralph Rodriguez |
| Reginald Lambert |
| Rene Riquelme |
| Robert Alexandre |
| Robert LaRosa |
| Roger Washingon |
| Ronny Peralta |
| Sabrina Gary |
| Satesh Balgobin |
| Sergio Pacheco |

| |
|---|
| Slobodan Karic |
| Smith Aragones |
| St. Clare Rosenberg |
| Steven Jones |
| Tarek John Cook |
| Thomas J. Vodicka |
| Walter Rocafuerte |
| Warren Morgan |
| William Chatman |
| William Vecchione |
| Xavier Diaz |