FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 26, 2016
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------- x
SLOBODAN KARIC, CLARIBEL
GARCIA, STEVEN JONES,
LJUBOMIR ZIVANOVIC, DANIEL
COLON, WILLIAM CHATMAN, and
GORAN STANIC, *on behalf of
themselves and all others similarly
situated*,

          Plaintiffs,

      -against-

THE MAJOR AUTOMOTIVE
COMPANIES, INC., MAJOR
UNIVERSE, INC., *d/b/a* Major World
Ford Lincoln Mercury, MAJOR
CHEVROLET GEO, MAJOR
CHEVROLET, INC., MAJOR
CHYRSLER JEEP DODGE, INC.,
MAJOR MOTORS OF LONG ISLAN
CITY, INC., *d/b/a* Major Kia, MAJOR
MOTORS OF THE FIVE TOWNS,
INC., MAJOR AUTOMOTIVE
REALTY CORP., HAROLD
BENDELL, BRUCE BENDELL, and
CHRIS ORSARIS,

          Defendants.
----------------------------------------------- x

MEMORANDUM & ORDER

09 Civ. 5708 (ENV) (CLP)

VITALIANO, D.J.

    Plaintiffs brought this action alleging that defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, by failing to, *inter alia*, pay plaintiffs and similarly situated sales representatives the proper minimum wage and premium overtime wages. Plaintiffs now move for (1) preliminary judicial approval of a proposed settlement concerning the NYLL claims, which are

1

the sole remaining claims in this litigation,[1] (2) conditional certification of the settlement class, (3) appointment of plaintiffs' counsel, Fitapelli & Schaffer, LLP, as class counsel, (4) approval of the Notice of Proposed Class Action Settlement and Claim Form and Release to be mailed to class members, and (5) approval of plaintiffs' proposed schedule for providing notice and seeking final settlement approval. (Pl. Mot., ECF No. 229). Defendants do not oppose the motion, nor do they oppose conditional certification for purposes of settlement only. (Pl. Mem. at 8, 19, ECF No. 230). The motion was referred to Magistrate Judge Cheryl L. Pollak, who issued her Report and Recommendation (the "R&R") on December 22, 2015. (R&R, ECF No. 233).

## Analysis

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). But, where no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's report and recommendation, and "may adopt those portions of the [r]eport . . . which are not factually

---

[1] On March 12, 2014, plaintiffs accepted an offer of judgment, *see* Fed. R. Civ. P. 68, accounting for the full amount of damages owed to the named and opt-in plaintiffs on their FLSA claims. (Notice of Acceptance, ECF No. 211). By Memorandum and Order, dated April 16, 2014, the Court granted plaintiffs' motion for summary judgment as to their remaining NYLL claims. (Mem. & Order, ECF No. 212). Thereafter, the parties, with the help of a mediator, negotiated a settlement agreement to resolve the NYLL claims.

2

erroneous." *Price v. City of New York*, 797 F.Supp.2d 219, 223 (E.D.N.Y. 2011) (citations and internal quotation marks omitted).

In this instance, no objections have been filed, and the time to do so has passed. After careful review of the record, the Court finds the R&R to be correct, well-reasoned, thorough, and free of any clear error. The Court, therefore, adopts the R&R in its entirety as the opinion of the Court.

In an abundance of caution, though, the Court will also require the parties to amend the proposed Claim Form and Release at page 34 of ECF No. 231-1 with respect to the second paragraph, which begins, "My signature below constitutes a full and complete release and discharge . . ." will instead read, "Effective final judicial approval of the proposed settlement agreement, my signature below will constitute a full and complete release and discharge . . . ." This revision will conform the release to the proposed settlement, which states that should the parties fail to obtain final judicial approval, "[t]he Litigation will proceed as if no settlement had been attempted." (Proposed Settlement, ECF No. 231-1).

In addition, the anticipated fairness hearing and motion for final settlement approval will be respectfully referred to Magistrate Judge Pollak for report and recommendation. The parties are to promptly request a date for the fairness hearing, so that this scheduling information may be included in § 14 of the Notice of Proposed Class Action Settlement. (Proposed Settlement at 32, ECF No. 231-1).

## Conclusion

For the reasons set forth above, the report and recommendation, dated December 22, 2015, of Magistrate Judge Cheryl L. Pollak, is adopted in its entirety, and plaintiffs' motion for preliminary judicial approval of the settlement is granted in all respects except as to the notice of

3

claims, which is modified by this Order. Further, this matter is respectfully referred to Magistrate Judge Pollak to conduct the fairness hearing and to make a report and recommendation as to her findings concerning plaintiffs' motion for final settlement approval.

So Ordered.

Dated: Brooklyn, New York
January 25, 2016

/s/ USDJ VITALIANO

ERIC N. VITALIANO
United States District Judge